1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUZ MURILLO,<br><br>    Petitioner,<br><br>  v.<br><br>CRUZ,<br><br>    Respondent. | Case No.  1:23-cv-00136-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

    On December 5, 2022, Petitioner filed the instant petition for writ of habeas corpus in this Court.  Because the petition is successive, the Court will recommend it be **DISMISSED**.

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    A federal court must dismiss a second or successive petition that raises the same grounds

1   as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive

2   petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,

3   retroactive, constitutional right or 2) the factual basis of the claim was not previously

4   discoverable through due diligence, and these new facts establish by clear and convincing

5   evidence that but for the constitutional error, no reasonable factfinder would have found the

6   applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the

7   district court that decides whether a second or successive petition meets these requirements.

8        Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

9   this section is filed in the district court, the applicant shall move in the appropriate court of

10  appeals for an order authorizing the district court to consider the application."  In other words,

11  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

12  petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

13  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

14  to file the petition because a district court lacks subject-matter jurisdiction over a second or

15  successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d

16  1270, 1274 (9th Cir. 2001).

17       In this case, Petitioner challenges his 2000 conviction in the Tulare County Superior

18  Court.  He claims his due process rights were violated under principles of double jeopardy.  A

19  review of the Court's dockets and files shows Petitioner has previously sought habeas relief in

20  this Court with respect to this conviction in Murillo v. Coullard, Case No. 1:14-cv-02035-SAB-

21  HC and Murillo v. The Fifth Appellate Court, Case No. 1:12-cv-00656-SKO-HC.  In Case No.

22  1:12-cv-00656-SKO-HC, the petition was dismissed without leave to amend because Petitioner

23  had not alleged specific facts that pointed to a real possibility of constitutional error affecting the

24  fact or duration of his confinement and there was no basis for a conclusion that he could state

25  tenable claims if he were granted leave to amend.

26       Because the current petition was filed after April 24, 1996, the provisions of the

27  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

28  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  In Case No. 1:12-cv-00656-SKO-HC, the

1    Court dismissed the petition and found that there was "no basis for a conclusion that he could

2    state tenable claims if he were granted leave to amend," which was a decision that Petitioner's

3    claims were not cognizable, and the dismissal was an adjudication on the merits of the claims. A

4    dismissal because a claim is not cognizable is a dismissal on the merits for the purposes of the

5    second or successive petition rule. See Graham v. Costello, 299 F.3d 129, 134 (2d Cir. 2002);

6    Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) (holding that when a petition is dismissed

7    because it is plain that there is no claim, and not merely because it is implausible given the lack

8    of details or supporting documentation, then there was an adjudication on the merits for the

9    successive or second petition rule). The dismissal of the first petition was not for a technical or

10   procedural deficiency that could have been cured, or because the Petitioner did not provide

11   adequate substantiation of his claim. See Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068,

12   1079, 10 L.Ed.2d 148 (1963) (holding that dismissal of a previous petition "because it stated only

13   bald legal conclusions with no supporting factual allegations….was not on the merits").

14        As Petitioner's previous petition was a dismissal on the merits for the purposes of

15   determining whether a subsequent petition is successive, he must obtain authorization from the

16   Ninth Circuit before filing a successive petition. Petitioner makes no showing that he has

17   obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.

18   Accordingly, this Court has no jurisdiction to consider Petitioner's renewed application for relief

19   from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d

20   at 1277; Nunez, 96 F.3d at 991.

21                                              **ORDER**

22       The Clerk of Court is DIRECTED to assign a District Judge to this case.

23                                        **RECOMMENDATION**

24        For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be

25   DISMISSED as successive.

26        This Findings and Recommendation is submitted to the United States District Court Judge

27   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

28   of the Local Rules of Practice for the United States District Court, Eastern District of California.

1   Within twenty-one (21) days after being served with a copy, Petitioner may file written objections

2   with the Court.   Such a document should be captioned "Objections to Magistrate Judge's

3   Findings and Recommendation."   The Court will then review the Magistrate Judge's ruling

4   pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within

5   the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

6   F.2d 1153 (9th Cir. 1991).

7

8   IT IS SO ORDERED.

9   Dated:   __**February 1, 2023**__                      ___/s/ *Sheila K. Oberto*___

10                                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28