# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUZ MURILLO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CRUZ,<br><br>　　　　Respondent. | Case No. 1:23-cv-00136-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 5, 2022, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) The Court conducted a preliminary review of the petition and determined it was successive. On February 2, 2023, the Court issued Findings and Recommendations to dismiss the petition. (Doc. 8.) Petitioner was granted an opportunity to file objections; however, Petitioner instead filed a First Amended Petition. (Doc. 13.) Because the First Amended Petition is also successive, the Court will recommend it be **DISMISSED**.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the

1

1  Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

In the First Amended Petition, Petitioner raises numerous complaints and challenges, but most of them are indecipherable or fail to make sense. He appears to challenge his 2000 conviction and sentence in the Tulare County Superior Court, claiming he received an illegal 48-year sentence. (Doc. 1 at 1.) Petitioner also appears to claim that staff officials are guilty of corruption and misconduct, though he fails to state how or why. (Doc. 1 at 1.) In his first designated claim for relief, he makes the following nonsensical claim:

> Wrecklace [sic] careless indifference. Are the exibits [sic]. Iresponsibly [sic] or

2

>unethical conduct – discrediting reflecting on mixed doc's wrongfull [sic] death's and identity jepardizing [sic] themselve [sic] as well the – department through my legal status – report of – extraordinary – programing.

(Doc. 1 at 5.)

In the second designated ground for relief, Petitioner makes another claim, stating "discrimination/racial – injustice #AB2542." (Doc. 1 at 7.) In ground three, he claims "negligence – hate crime activity." (Doc. 1 at 8.) This claim too cannot be understood.

Regardless of these deficiencies, the First Amended Petition is successive. As stated in the Court's previous Findings and Recommendations, the Court's dockets and files shows Petitioner has previously sought habeas relief in this Court with respect to his conviction in Murillo v. Coullard, Case No. 1:14-cv-02035-SAB-HC and Murillo v. The Fifth Appellate Court, Case No. 1:12-cv-00656-SKO-HC. In Case No. 1:12-cv-00656-SKO-HC, the petition was dismissed without leave to amend because Petitioner had not alleged specific facts that pointed to a real possibility of constitutional error affecting the fact or duration of his confinement and there was no basis for a conclusion that he could state tenable claims if he were granted leave to amend.

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). In Case No. 1:12-cv-00656-SKO-HC, the Court dismissed the petition and found that there was "no basis for a conclusion that he could state tenable claims if he were granted leave to amend," which was a decision that Petitioner's claims were not cognizable, and the dismissal was an adjudication on the merits of the claims. A dismissal because a claim is not cognizable is a dismissal on the merits for the purposes of the second or successive petition rule. See Graham v. Costello, 299 F.3d 129, 134 (2d Cir. 2002); Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) (holding that when a petition is dismissed because it is plain that there is no claim, and not merely because it is implausible given the lack of details or supporting documentation, then there was an adjudication on the merits for the successive or second petition rule). The dismissal of the first petition was not for a technical or procedural deficiency that could have been cured, or because the Petitioner did not provide

adequate substantiation of his claim. See Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963) (holding that dismissal of a previous petition "because it stated only bald legal conclusions with no supporting factual allegations….was not on the merits").

As Petitioner's previous petition was a dismissal on the merits for the purposes of determining whether a subsequent petition is successive, he must obtain authorization from the Ninth Circuit before filing a successive petition. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. Accordingly, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the First Amended Petition be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 28, 2023**                    /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE